UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KAYLEE RAMSEY,

                                     CASE NO.:

     Plaintiff,

v.

NIRVANA HEALTH SERVICES,
INC., a Florida for Profit Corporation,
and SHAM MAHARAJ, an individual.

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, KAYLEE RAMSEY ("Plaintiff"), by and through her undersigned counsel, and sues Defendants, NIRVANA HEALTH SERVICES, INC. ("NIRVANA"), and SHAM MAHARAJ ("MAHARAJ"), ("Defendants"), and in support states as follows:

### Jurisdiction and Venue

1.     This is an action for damages by Plaintiff against her former employer for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and, breach of contract for unpaid wages. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

2.     Venue is proper in this Court pursuant to Rule 1.02(c) of the Local Rules of the Middle District of Florida. Venue is proper in this District because a substantial part of the events and omissions giving rise to the claims occurred in Seminole County, Florida. At all times material

to Plaintiff's claims, Defendants have conducted substantial, continuous, and systematic commercial activities in Seminole County, Florida.

## Parties and Factual Allegations

1.      Plaintiff is an individual *sui juris*, residing in Seminole County, Florida.

2.      Plaintiff was employed by Defendants from in or around November 2018, through on or around October 10, 2019.

3.      Plaintiff was offered the position of Physical Therapy Assistant ("PTA"). As a PTA, Plaintiff worked under the direct supervision of a Physical Therapist ("PT") assisting with providing care, preparing treatment areas, assisting patients in moving to or from a treatment area, and additionally, performing a variety of clerical tasks such as ordering supplies, scheduling treatment sessions, and filling out insurance forms.

4.      Defendant NIRVANA is a Florida for Profit Corporation doing business in Seminole County, Florida.

5.      Defendant NIRVANA is an enterprise engaged in interstate commerce with annual gross business of $500,000 or more.

6.      Defendant NIRVANA was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d).

7.      Defendant MAHARAJ is an individual, a resident of Orange County, Florida, and upon information and belief, was and is the owner and operator of Defendant NIRVANA and exercised control over the day-to-day operations, including any obligations under the FLSA.

8.      Defendant MAHARAJ, acted and acts directly in the interests of Defendant NIRVANA in relation to its employees.  Thus, he was and is an employer within the meaning of Section 203(d) of the FLSA (29 USC 203(d)).

2

9.      Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

10.     Plaintiff and Defendants entered into a valid and enforceable agreement concerning the payment of Plaintiff's wages.

11.     The last paycheck Plaintiff received for work performed was on or around September 28, 2019.

12.     Throughout Plaintiff's employment with Defendants, Defendants failed to properly compensate Plaintiff by paying her late and failing to remit her last three (3) paychecks entirely.

13.     On October 8, 2019, Plaintiff emailed Defendants regarding the availability of picking up her most recent paycheck for pay date of October 4, 2019. Plaintiff was informed that payroll was delayed, and that payroll would be processed no later than that Friday, October 11, 2019.

14.     Plaintiff proceeded to follow up with Defendants the morning of October 11, 2019 as to the status of her paycheck. Defendants again informed that the office had still not received its payroll, and that they could not provide a time that payroll would become available.

15.     Diligently, Plaintiff followed up with Defendants on October 15, 2019, October 22, October 24, October 27, October 27, November 6 and November 16, 2019 in attempts to retain all of her pay to no avail. Defendants failed to remit proper payments to Plaintiff.

16.     Throughout this period, Defendants also failed to pay Plaintiff her October 18, 2019 and November 1, 2019 paychecks.

17.     On or around October 10, 2019, Plaintiff left her employment with Defendants due to the financial restraints created by Defendants' failure to pay her wages due and owing.

18.     Defendants had knowledge of the hours worked by Plaintiff that went unpaid and suffered or permitted Plaintiff to work the same.

19.	Defendants failed to compensate Plaintiff for all hours worked at a rate which met or exceeded the Federal minimum wage rate.

20.	Defendants failed to remit payment of Plaintiff's last three (3) paychecks.

21.	Plaintiff has retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees and costs for its services.

**COUNT I**
**Violation of the FLSA**
**Failure to Pay Minimum Wage**
**(against NIRVANA and MAHARAJ)**

22.	Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 21 above, as if fully set forth herein.

23.	Defendant NIRVANA and Defendant MAJARAJ failed to compensate Plaintiff for all hours worked at a rate which met or exceeded the Federal minimum wage rate.

24.	As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages.

25.	Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE,** Plaintiff demands judgment against Defendant NIRVANA and Defendant MAJARAJ for the following:

A.	Unpaid minimum wages;

B.	Liquidated damages in an amount equal to the unpaid minimum wages;

C.	Pre- and post-judgment interest as allowed by law;

D.	Attorneys' fees and costs; and,

E.	Such other relief as the Court finds just and equitable.

**COUNT II**
**Breach of Contract for Unpaid Wages**
**(against NIRVANA)**

26.     Plaintiff repeats and incorporates by reference each and every allegation set forth in Paragraphs 1 through 21 above, as if fully set forth herein.

27.     Plaintiff and Defendant NIRVANA entered into a valid and enforceable agreement under which Plaintiff was to be paid for all hours worked for Defendant.

28.     Throughout Plaintiff's employment with Defendants, Defendant NIRVANA failed to compensate Plaintiff for all hours worked in breach of the agreement between Plaintiff and Defendants.

29.     As a result of Defendant NIRVANA's willful breach of contract, Plaintiff has suffered damages.

30.     Plaintiff retained LYTLE & BARSZCZ to represent her in this matter and has agreed to pay said firm attorneys' fees for its services.

**WHEREFORE**, Plaintiff demands judgment against Defendant NIRVANA for the following:

A.  Unpaid wages;

B.  Pre- and post-judgment interest as allowed by law;

C.  Attorneys' Fees and Costs pursuant to Florida Statutes § 448.08; and,

D.  Other relief as this Court finds just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 23rd day of April 2020.

/s/

**Mary E. Lytle, Esq.**
Florida Bar No.: 0007950
**David V. Barszcz, Esq.**
Florida Bar No.: 0750581
**LYTLE & BARSZCZ, P.A.**
533 Versailles Dr., 2nd Floor
Maitland, FL 32751
Telephone: (407) 622-6544
Facsimile: (407) 622-6545
mlytle@lblaw.attorney
dbarszcz@lblaw.attorney
**Counsel for Plaintiff**